UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

VICTOR R. GABUARDI,                                    CASE NO. 21-21148-BKC-LMI

    Debtor.                                                        CHAPTER 7
_____/

**CREDITORS, TREVOR TAYLOR, ANA CORDERO
AND PATRICIO CORDERO'S THIRD AGREED EX PARTE
MOTION TO ENLARGE THE TIME TO FILE OBJECTIONS TO GLOBAL
DISCHARGE AND DISCHARGEABILITY OF THE CREDITORS' SPECIFIC DEBTS**

Creditors, Trevor Taylor, Ana Cordero, and Patricio Cordero ("TCC Creditors") file their third agreed *ex parte* motion pursuant to Fed.R.Bankr.P. 4004(b), 4007(c) and 9006(b) and Local Rule 9013-1(C)(1) and (6) to enlarge the time for the TCC Creditors to file a complaint objecting to Debtor's discharge and/or the dischargeability of specific debts owed to the TCC Creditors, ("Agreed Motion for Enlargement").

**SUMMARY OF RELIEF SOUGHT**

1. The Agreed Motion for Enlargement includes an approximately 120-day enlargement period with the agreement of the Debtor to enable the TCC Creditors to work with the Trustee to review and consider additional document production from the Debtor, as well as certain third party document production being requested by the Trustee.

2. This ongoing discovery effort follows the TCC Creditors' recent Rule 2004 Examination Duces Tecum of the Debtor, which raised various issues and included the Debtor's invocation of his 5th amendment rights in respect to the Debtor's schedules listing debts owed to the TCC Creditors and other notable issues being reviewed by the TCC Creditors and the Trustee.

3. The basis for this agreed 120-day extension is the Debtor's acknowledgment that the discovery sought is being handled by a third party (the Trustee) (ECF Nos. 30 and 33) and much of the document production sought will be provided by other third parties such as insurance companies, cell phone carriers, etc., which the timing of such production is beyond the direct control of the TCC Creditors, the Trustee and the Debtor.

## RELEVANT BACKGROUND

3.     On November 24, 2021 (the "Petition Date") the Debtor commenced this case by filing a voluntary Chapter 7 petition under the Bankruptcy Code. Mr. Drew M. Dillworth was appointed as the Chapter 7 Trustee.

4.     The Debtor listed the TCC Creditors on his bankruptcy schedules on account of certain pending litigation.

3.     By prior order of this Court, the current deadline for the TCC Creditors to file a complaint objecting to the Debtor's discharge or as to the dischargeability of specific debts owed to the TCC Creditors is July 29, 2022 (ECF No. 25).

5.     On April 8, 2022, the TCC Creditors took the Rule 2004 Examination Duces Tecum of the Debtor (ECF No. 22). During the examination, the Debtor confirmed he owed debts to the TCC Creditors as listed in the Debtor's initial schedules. The Debtor admitted he established a company that received some of the TCC Creditors' monies on their home construction projects via the project contractor and sub-contractor. The Debtor attested he was without any knowledge if his own company had any employees, did any work, or had any invoices for any such work, for which the Debtor apparently was asked by a third party individual to open up this company to receive and kick back monies from construction projects, including on home construction projects funded by the TCC Creditors who were among the victimized homeowners. The Debtor then invoked his 5th Amendment right against self-incrimination when asked to describe the basis and amount of such debts.

6.     Following up on the Debtor's examination, the Debtor agreed to provide certain additional categories of documents that were discussed during the Rule 2004 examination and recognized the TCC Creditors would need to request, obtain and review certain third party document production. The Debtor has provided certain additional documents while others remain outstanding, which some of the supplemental documents contradict the Debtor's testimony under oath. However, the Debtor then also removed the TCC Creditors as being owed any debt on the Debtor's amended schedules (ECF No. 27).

7. Because of the TCC Creditors' updated procedural status in this bankruptcy case, the TCC Creditors then conferred with the Trustee on a backstop agreement to support the bankruptcy estate's efforts to obtain the outstanding discovery including those from third parties which may impact the potential administration of the estate and the Debtor's ability to discharge some, all or none of his debts.

8. On May 19, 2022, the Trustee filed his motion to approve an agreement with the TCC Creditors to backstop the estate's coordinated discovery efforts (ECF NO. 30), and such motion was approved by the Bankruptcy Court on June 17, 2022 (ECF No. 35). The TCC Creditors have conferred with the Trustee as to certain third party discovery requests, and the Trustee is in the process of issuing such third party production requests (See, e.g., ECF Nos. 39-42).

9. The TCC Creditors believe that such third party discovery efforts could take 60-90 days to be addressed and have documents produced by such third parties, and additional discovery may be needed from those parties or other third parties. And some time will be needed for review of the documents and to confer with the Trustee and potentially the Debtor regarding same.

**RELIEF REQUESTED**

10. Undersigned counsel has spoken to counsel for the Debtor and has been advised that the Debtor has agreed to extend the deadline for the TCC Creditors to consider filing a complaint objecting to the Debtor's discharge and/or the dischargeability of specific debts owed to the TCC Creditors for approximately 120 days until and through November 30, 2022, and consents to the form of order attached as *Exhibit A*.

11. As such, this Agreed Motion for Extension is being sought on an *ex parte* basis pursuant to Local Rule 9013-1(C)(1) and (6), and the deadlines under Rule 4004 (b) and 4007(c) may be extended under Rule 9006(b), as this Agreed Motion for Enlargement is being filed prior to such deadlines.

WHEREFORE, the TCC Creditors request this Court to (i) enter an order substantially in the form attached hereto as *Exhibit A* extending the deadline for the TCC Creditors to consider filing a complaint objecting to the Debtor's discharge or the dischargeability of specific debts owed to the TCC Creditors until and through November 30, 2022; and (ii) grant such other and further relief as this Court deems just and proper.

        KOZYAK TROPIN & THROCKMORTON, L.L.P
        Counsel for TCC Creditors, *Trevor Taylor, Ana Cordero, and Patricio Cordero*
        2525 Ponce De Leon, 9th Floor
        Miami, Florida 33134
        Tel: (305) 372-1800
        Fax: (305) 372-3508
        E-Mail: das@kttlaw.com

        By:   /s/ David A. Samole
                David A. Samole
                Florida Bar No. 582761

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 11, 2022, I electronically filed the Agreed Motion for Extension with the Clerk of the Court using CM/ECF, that the Motion is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record (including Debtor's counsel) or pro se parties who are authorized to receive electronically Notices of Electronic Filing in this bankruptcy case.

        By:   /s/ David A. Samole
                David A. Samole

**EXHIBIT "A"**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

IN RE:

VICTOR R. GABUARDI,                                CASE NO. 21-21148-BKC-LMI

        Debtor.                                        CHAPTER 7
_____/

**AGREED ORDER GRANTING
CREDITORS, TREVOR TAYLOR,
ANA CORDERO AND PATRICIO CORDERO'S
THIRD AGREED EX PARTE MOTION TO ENLARGE
THE TIME TO FILE OBJECTIONS TO GLOBAL DISCHARGE AND
DISCHARGEABILITY OF THE CREDITORS' SPECIFIC DEBTS (ECF NO. XX)**

      On July 11, 2022, Creditors, Trevor Taylor, Ana Cordero, and Patricio Cordero ("TCC Creditors") filed their third agreed *ex parte* motion pursuant to Fed.R.Bankr.P. 4004(b), 4007(c)

and 9006(b) and Local Rule 9013-1(C)(1) and (6) to enlarge the time for the TCC Creditors to file a complaint objecting to Debtor's discharge and/or the dischargeability of specific debts owed to the TCC Creditors ("Agreed Motion for Enlargement"). The Debtor agrees to the timely relief being sought in the Agreed Motion for Enlargement, and this form of Order. Therefore, it is –

**ORDERED** as follows:

1. The Agreed Motion for Enlargement is GRANTED.

2. The deadline for the TCC Creditors to file a complaint objecting to the Debtor's discharge or the dischargeability of specific debts owed to the TCC Creditors is extended through November 30, 2022.

3. This Order is without prejudice to further requests for extension upon good cause being shown by the TCC Creditors.

###

Submitted by:   David A. Samole, Esq.
                Kozyak Tropin & Throckmorton, L.L.P.
                2525 Ponce De Leon, 9th Floor
                Miami, Florida 33134
                Telephone:   305-372-1800
                Facsimile:   305-372-3508
                E-mail:      das@kttlaw.com

Copies furnished to:

David A. Samole, Esq.

[Attorney Samole is directed to serve copies of this order on all interested parties and to file a certificate of service]